December 10, 1925. Present — Clarke, P. J., Dowling, Finch, McAvoy and Martin, JJ.

MAX COHEN v. INTERBOROUGH RAPID TRANSIT COMPANY.— Motion denied, with ten dollars costs, and stay vacated. Present — Clarke, P. J., Dowling, Finch, McAvoy and Martin, JJ.

ELLIE A. DOBBINS v. NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM.— Preference granted for December 8, 1925. Present — Clarke, P. J., Dowling, Finch, McAvoy and Martin, JJ.

LEONARD OBY, an Infant, etc., v. THE CITY OF NEW YORK.— Preference granted for December 8, 1925. Present — Clarke, P. J., Dowling, Finch, McAvoy and Martin, JJ.

PATRICK FITZGERALD v. COMPAGNIE GENERALE TRANSATLANTIQUE.— Preference granted for December 8, 1925. Present — Clarke, P. J., Dowling, Finch, McAvoy and Martin, JJ.

In the Matter of EDNA WILSON (a non-resident), Deceased.— Preference granted for December 10, 1925. Present — Clarke, P. J., Dowling, Finch, McAvoy and Martin, JJ.

WILLIAM S. EVANS v. STAR COMPANY.— Motion denied. Present — Clarke, P. J., Dowling, Finch, McAvoy and Martin, JJ.

In the Matter of the Application of the CITY OF NEW YORK (238th Street).— Preference granted for December 8, 1925. Present — Clarke, P. J., Dowling, Finch, McAvoy and Martin, JJ.

FRANCYNE, INC., v. MEYER S. SCHEINMAN and Others, Impleaded with LANSON CO., INC.— Motion denied, with ten dollars costs, and stay vacated. Present — Clarke, P. J., Dowling, Finch, McAvoy and Martin, JJ.

---

## SECOND DEPARTMENT, NOVEMBER, 1925.

In the Matter of the Application of JAQUINO REALTY CORPORATION, Respondent, for a Peremptory Order of Mandamus against WILLIAM C. ORMOND and Others, Constituting the Board of Assessors of the City of New York, Appellants.

*Appeal — reargument directed on ground that case cannot be decided on papers presented — further papers ordered to be submitted.*

Appeal from a peremptory mandamus order of the Supreme Court, made at the Kings Special Term and entered in the Kings county clerk's office December 3, 1924.

PER CURIAM: We are unable to decide the questions presented by this appeal upon the papers filed. We, therefore, direct a reargument on November thirteenth. Upon such reargument we should be furnished with the following papers and exhibits referred to in the printed record but which were not submitted to the court: 1. The photographs referred to in the petition. 2. The maps or plans referred to in the papers, or extracts therefrom, showing: a. The beach said to have been laid out by the board of estimate and its relation to the property of the respondent. b. The boardwalk referred to in the petition and its relation to the property of the respondent and interference, if any, with access from respondent's property to the beach. c. The structure in West Thirty-seventh